# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SABRIC and GENEVIEVE SABRIC, | NO. 3:09-CV-02141 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| LOCKHEED MARTIN and US SECURITY ASSOCIATES, INC., | |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is the Petition for Removal of Defendants Lockheed Martin and U.S. Security Associates, Inc. and the Complaint of Plaintiffs Andrew and Genevieve Sabric. (Docs. 1-2.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Defendants allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Under 28 U.S.C. § 1332(c)(1) a corporation is deemed to be a citizen of its state of incorporation and the state where it has

its principal place of business. Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it lacks subject matter jurisdiction).

Whether removal is appropriate "is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." *Abels v. State Farm Fire and Casualty Ins. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) (citing *Pullman Company v. Jenkins*, 305 U.S. 534, 537, 540 (1939)). "A federal court's jurisdiction must clearly appear from the face of the complaint or removal petition." *Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp.*, 626 F.2d 280, 282 n.1 (3d Cir. 1980) (quoting *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972)). In this case, the Plaintiff's Complaint fails to demonstrate those requirements and Defendants' Petition for Removal does not meet the burden necessary for removal.

Assuming, as Defendants allege, that Plaintiffs are citizens and residents of Pennsylvania, Plaintiffs' Complaint does not establish diversity. Plaintiffs' Complaint alleges that Defendant Lockheed Martin has its principal place of business in Archbald, Pennsylvania. Thus, both Plaintiffs and Defendant Lockheed Martin are citizens of Pennsylvania, which destroys complete diversity of citizenship.

Defendants' Petition for Removal does meet the necessary burden for removal. Defendants state that this Court has jurisdiction over the matter through diversity in 28 U.S.C. § 1332, but the Petition for Removal does not allege the requirements of diversity

jurisdiction. In viewing the Petition for Removal, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business. Defendants allege the state of incorporation of Defendant Lockheed Martin, but fail to allege the principal place of business, instead only listing where Lockheed Martin has "offices." Defendants also improperly alleges facts sufficient to establish the citizenship of U.S. Security Associates. Plaintiffs states that U.S. Security Associates is a Georgia "business" but does not specify what type of entity this "business" is. The state of citizenship will depend on the type of "business." To the extent that U.S. Security Associates is a Georgia corporation, Defendants also neglected to state a principal place of business, only naming the location of U.S. Security Associates' offices. Accordingly, the Court will dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this  9th  day of November, 2009, **IT IS HEREBY ORDERED THAT** Defendants' Petition for Removal (Doc. 1) is **REMANDED** to the Court of Common Pleas of Lackawanna County. The Clerk of the Court shall mark this case **CLOSED**.

       /s/ A. Richard Caputo
       A. Richard Caputo
       United States District Judge

3